## JOHN O'NEIL v. STATE OF NEBRASKA.

### FILED APRIL 11, 1929. No. 26793.

*John P. Tinley* and *John C. Mullen,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before ROSE, GOOD, EBERLY and DAY, JJ., and REDICK and SHEPHERD, District Judges.

DAY, J.

John O'Neil was convicted of murder in the second degree and sentenced to life imprisonment in the penitentiary. He brings this proceeding in error and complains: (1) of the instructions given by the trial court; (2) of the refusal of the trial court to give a requested instruction; (3) that the evidence is not sufficient to sustain the verdict.

An unidentified man was found dead in a place, known as "Hobo Camp," in the city of Fairbury, Nebraska. His throat was cut almost from ear to ear, and his death resulted from the loss of blood. Broken parts of several razors were found near the location of the body of the deceased, none of which were proved to belong to defendant. O'Neil and the deceased had, as a result of chance meeting near the entrance, entered the "Camp" together a short

time before the tragedy. The defendant is a cripple, with one leg amputated, and is unable to get about except on crutches, while the deceased was an able-bodied man. A short time after their entry to the "Camp," O'Neil was seen leaving the place, with his face bruised, scratched and bleeding profusely. He was seen to go to the nearby river, where he washed himself of the blood, when he went up-town to lie upon the grass in the courthouse grounds. The state's evidence of the principal fact, viz., that O'Neil killed the deceased by cutting his throat with a razor, is entirely circumstantial.

One complaint in this case involves instructions to the jury, given or requested and refused, relative to circumstantial evidence. In this regard instruction No. 19 given to the jury by the court is assigned as error:

"The court instructs the jury that circumstantial evidence is to be regarded by the jury in all cases. It is many times quite as conclusive in its convincing power as direct and positive evidence of eyewitnesses. When it is strong and satisfactory, the jury should so consider it, neither enlarging nor belittling its force. It should have its just and fair weight with the jury; and if, when it is taken as a whole, and fairly and candidly weighed, it convinces the guarded judgment, the jury should act on such conviction. You are not to fancy situations and circumstances which do not appear in evidence, but you are to make those just and reasonable inferences from circumstances proved which the guarded judgment of a reasonable man would ordinarily make under circumstances."

This court has held that giving this instruction is not reversible error in *Smith v. State,* 61 Neb. 296; and followed in *Lamb v. State,* 69 Neb. 212; *Ambrose v. State,* 111 Neb. 606; and *Egbert v. State,* 113 Neb. 790.

The defendant also complains that the court refused to give an instruction requested by him upon circumstantial evidence. The requested instruction is given herein for comparison with and reference to instruction No. 19 given by the court:

"Where circumstances alone are relied upon for conviction, the rule is, to warrant a conviction, such state of facts and circumstances must be shown that they are consistent with the guilt of the defendant, and such as cannot upon any reasonable theory and hypothesis be true and the defendant be innocent; and in this case this rule should be applied by the jury to that portion of the evidence offered by the state wholly of a circumstantial nature, and if the jury find from the evidence that all the incriminating circumstances upon which the prosecution relies for a conviction will as well apply to some other person or persons as to the defendant, or if such facts and circumstances are reconcilable with any reasonable theory or hypothesis other than the guilt of the defendant, or if such facts and circumstances, together with the direct evidence offered in this case, do not satisfy the minds of the jury beyond any reasonable doubt of the guilt of the defendant, then you should by your verdict acquit him."

This identical instruction has also been approved by this court. *Davis v. State,* 51 Neb. 301, 319. It is within the doctrine, as to circumstantial evidence, asserted in *Morgan v. State,* 51 Neb. 672; *Kastner v. State,* 58 Neb. 767; *Casey v. State,* 20 Neb. 138; and *Lowe v. State,* 110 Neb. 325. Therefore, in view of the decision of this court, the instruction requested by the defendant was a proper instruction.

Was it an instruction that the trial court was required to give, upon a proper request? The instruction, given by the court in this case, was taken verbatim from an instruction given in *Smith v. State, supra.* While this court held in that case and subsequent cases that the giving of said instruction was not reversible error, we do not find that this court has ever held that the instruction is a complete statement of the law of circumstantial evidence. The rule as to circumstantial evidence as stated in *Smith v. State, supra,* is as follows:

"To justify conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence

beyond a reasonable doubt, and, when taken together or as a whole, must be of such a character as to be consistent with each other, and with the hypothesis sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence."

This is the general rule as to circumstantial evidence and this court has not deviated from it. In this case, the defendant testified that he did not cut the throat of deceased. In addition to this he was entitled to the benefit of the failure of the state to prove, beyond a reasonable doubt, facts and circumstances consistent with the hypothesis sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence. There is evidence in the record, tending to prove, that others than defendant were in "Hobo Camp" at or about the time the deceased met his death. "Hobo Camp" is described by the record as a tract of unoccupied land near the railroad tracks and the river, and is described by one witness, at least, as a wilderness of shrubbery. It derives its name from the fact that it is frequented by "Hobos." The court, when properly requested as in this case, should have instructed the jury as to the law of circumstantial evidence, with a view to the theory of the defendant's defense.

However, the state contends that the instructions as a whole correctly state the law. If this is the fact, then there is no prejudice to the rights of the defendant. In the state's brief it is written that, since the trial court instructed the jury, they could not find the defendant guilty, unless the evidence proved him guilty beyond a reasonable doubt, this subject was properly and sufficiently covered. *State v. House,* 108 Ia. 68, is cited to support this contention. Relative to the complaint that the court did not instruct the jury with the usual caution, "that conviction must be consistent with every reasonable hypothesis of guilt, and inconsistent with any reasonable hypothesis of innocence," the court said: "Where an instruction is correct as given, though not as explicit as desired, error cannot be predicated thereon, in the absence of a request."

It will be recognized that the situation differed from ours, in that in this case the defendant requested the instruction. Here the verdict rests wholly upon circumstantial evidence. We do not think the instruction given in the instant case is made sufficiently explicit by the instruction upon the question of reasonable doubt to justify the court to refuse to give the requested instruction. It therefore follows that the erroneous refusal is not corrected by the giving of the instructions as to reasonable doubt. The instructions of the court do not, taken as a whole, correctly state the law as to circumstantial evidence; the defendant made a proper request and the refusal of the trial court to give the requested instruction was prejudicial to his rights.

The last question for our consideration is: Was the evidence sufficient to sustain the verdict? The evidence has already been discussed in detail in the statement of the case and the discussion of the other assignments of error. No good purpose will be served by further quotations from the evidence. This case will be tried again and perhaps on different evidence. We think it well to suggest that the purpose of the trial of the defendant is to determine whether or not he killed the deceased. It is a heinous crime, punishable by extremely severe penalties. The spirit, as well as the letter of the law, requires that the defendant, although a "Hobo," is entitled to the same fair trial as the most distinguished or most provident citizen. Because of this error, herein detailed, the judgment is reversed and the cause is remanded.

REVERSED.